# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

AVIATOR PROPERTIES, LLC
[PLAINTIFF]

Vs.

MOMAH, ANTHONY, AKA ANTHONY A. MOMAH,
ET AL
[Defendant]

OCT 6 2026 PM 1:17
FILED-USDC-CT-HARTFORD

---

**ANTHONY AZUKA MOMAH**
*Plaintiff*

v.

**STATE OF CONNECTICUT,**
**SUPERIOR COURT,**
**HON. CLAUDIA BAIO,**
**HON. NEETA VATTI,**
**HON. SUSAN COBB,**
**MONICA SADOWSKI,**
**JOHN T. FIORILLO, REAL TIME RESOLUTIONS, INC.,**
**DAVID ROSAS,**
**AVIATOR PROPERTIES, LLC,**
**BROCK & SCOTT, PLLC,**
**GEORGE P. GENERAS**
**DOMINICK D. NEVEUX, ESQ.,**
**DIANE S. SUMMERS,**
**CHRISTINE A. DESMOND,**
**VICTORIA FORCELLA, ESQ.,**
**JEFFREY M. KNICKERBOCKER, ESQ.**
*Defendants*

**STATE COURT DOCKET NO.:** HHD-CV-23-6175453-S
**U.S.D.C. DOCKET NO.**

RESPECTFULLY SUBMITTED BY:
Anthony Azuka Momah, Appears as:
Sui Juris

# AFFIDAVIT IN SUPPORT OF CONSTITUTIONAL TORT AND QUIET TITLE COMPLAINT

COMES NOW, **Anthony Azuka Momah**, appearing as **Sui Juris** and **Private Attorney General**, Plaintiff/Petitioner in the above-captioned action, who being duly sworn according to law, deposes and states under penalty of perjury that the following facts are true and correct to the best of his knowledge, information, and belief:

## AFFIRMATION OF GOOD FAITH

Plaintiff, appearing *Pro Se* and *Sui Juris*, affirms that this Affidavit is submitted in good faith, with respect for the judicial process, and with the firm belief that the Constitution must prevail over any act taken without lawful authority. Plaintiff seeks nothing more than what the Constitution guarantees: access to the courts, a meaningful opportunity to be heard, and a resolution of his claims on the merits rather than on procedural technicalities.

Plaintiff in Good Faith is invoking the Sovereign authority of the people of the United States and State of Connecticut and, good cause being found, demand remedy and relief and respectfully assign specific job performance pursuant to due process of law and equal protection of the law.

Plaintiff comes seeking justice, not vengeance; the truth, not victory by improper means; accountability for public officers, not to demean the offices they hold; and vindication of the fundamental principles of freedom, justice, due process, and equal protection under law.

## PERSONAL KNOWLEDGE AND COMPETENCY

1. I, Anthony Azuka Momah, am a natural man, a living soul, and the Plaintiff in this action. I am the record owner and occupant of the subject property located at **220-222 Sargeant Street, Hartford, Connecticut**. I have personal knowledge of the facts stated in this Affidavit and the accompanying Constitutional Tort and Quiet Title Complaint.
2. I am appearing *Pro Se*, *Sui Juris*, I am competent to testify to the matters stated herein, as I have firsthand knowledge of the events and proceedings described. *See* Fed. R. Civ. P. 56(e) (affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein").
3. This Affidavit is made in support of the accompanying Constitutional Tort and Quiet Title Complaint, and to establish the jurisdictional and factual basis for this action. By declaring under penalty of perjury that the Complaint is true, I have converted the factual assertions in the Complaint into evidence. *Ford v. Wilson*, 90 F.3d 245, 246 (7th Cir. 1996).

## JUDGES AND COMMISSIONERS OF THE COURT PERSONAL INVOLVEMENT IN DEPRIVATION OF CONSTITUTIONAL SECURED RIGHTS

4. **Judges and commissioners of the court: "Personal involvement in deprivation of constitutional secured rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation."** *Gallegos v. Haggerty*, N.D. of New York, 689 F. Supp. 93 (1988).

**Application to This Matter:** The judicial officers, Judges and commissioners of the court in this case have been personally involved in the deprivation of Anthony Azuka Momah's constitutional secured rights. They have directly participated in the deprivation. They have failed to remedy wrongs after learning about them. They have created policies and customs under which unconstitutional practices occur. They have been grossly negligent in managing commissioners of the court who cause violations. They are personally liable for their actions.

## A. Direct Participation in Deprivation

5. The judicial officers—Hon. Claudia Baio, Hon. Neeta Vatti, and Hon. Susan Cobb—have directly participated in the deprivation of Petitioner's constitutional secured rights by:
   - Entering judgment without subject matter jurisdiction;
   - Accepting unsworn counsel statements as evidence;
   - Denying Petitioner's constitutional secured rights;
   - Allowing ex parte communication with Plaintiff's attorney;
   - Failing to recuse themselves when their impartiality might reasonably be questioned (28 U.S.C. §§ 454 & 455);
   - Threatening Petitioner with contempt and default while allowing the Adverse Party to remain absent.

## B. Failure to Remedy Wrongs After Learning About Them

6. The judicial officers have failed to remedy wrongs after learning about them. Petitioner filed multiple motions, objections, and challenges to the court's jurisdiction:
   - Motion to Dismiss for Lack of Subject Matter Jurisdiction;
   - Challenge to Subject Matter Jurisdiction;
   - Motion to Open and Vacate the Judgment.

   Despite learning of the jurisdictional defects, the judicial officers failed to remedy the wrongs. They continued to proceed without subject matter jurisdiction.

## C. Creation of Policies and Customs Under Which Unconstitutional Practices Occur

7. The judicial officers have created policies and customs under which unconstitutional practices occur:
   - **Policy of favoring counsel's unsworn statements** – The court has a policy of accepting counsel's unsworn statements as prima facie evidence.
   - **Policy of treating pro se pleadings as legally moot** – The court has a policy of disregarding pro se pleadings and treating them as legally moot.
   - **Policy of accepting counsel's appearance without his client** – The court has a policy of allowing counsel to proceed without establishing that his client is properly before the court.

- **Policy of allowing ex parte communication** – The court has a policy of allowing ex parte communication with Plaintiff's attorney.

## D. Gross Negligence in Managing Subordinates Who Cause Violations

8. The judicial officers have been grossly negligent in managing commissioners of the court who cause violations:
    - **Clerk Monica Sadowski** – Failed to ensure that jurisdiction was properly established before accepting filings and entering judgments.
    - **State Marshal John T. Fiorillo** – Executed void judgments and orders without jurisdiction.
    - **Attorneys as Commissioners of the Court** – The judicial officers have been grossly negligent in managing attorneys who file false documents and maintain jurisdictionally void actions.

## E. Personal Liability

9. **"Personal involvement in deprivation of constitutional secured rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation."** *Gallegos v. Haggerty*, N.D. of New York, 689 F. Supp. 93 (1988).
10. The judicial officers, Judges and commissioners of the court are personally liable for their actions. They have directly participated in the deprivation. They have failed to remedy wrongs after learning about them. They have created policies and customs under which unconstitutional practices occur. They have been grossly negligent in managing commissioners of the court who cause violations. They cannot claim immunity.

## THE RECOMMENDED RULING MUST BE VACATED BECAUSE THE LOSS OF CONSTITUTIONALLY SECURED RIGHTS CONSTITUTES IRREPARABLE INJURY

11. Petitioner claims for (1) fraud upon the court; (2) Fraud committed in the procurement of jurisdiction; (3) breach and trespasses of constitutionally secured rights; (4) falsifying legal documents; (5) Failure to answer my affidavits in support of motions; (6) Failure to appear (7) Failure to answer my Challenge to the jurisdiction of the court over Subject Matter; (8) breach of duty of an Attorney; (9) breach of oath of Office; and (10) breach of the implied covenant of good faith and fair dealing, herein.
12. **"The Supreme Court has held that the loss of constitutionally secured rights, even for minimal periods of time, constitutes irreparable injury."** *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

**Application to This Matter:** Petitioner has suffered and continues to suffer irreparable injury through the deprivation of constitutionally secured rights, including:

- a) The right to due process of law;

- b) The right to Fair Trial;
- c) The right to confrontation and cross-examination;
- d) The right to be free from unreasonable searches and seizures;
- e) The right to equal protection of the laws;
- f) The right to interstate Property.

The loss of these rights, even for minimal periods of time, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## POLICY OF FAVORING COUNSEL – SIMMS v. SEAMAN

### A. The Legal Principle: *Simms v. Seaman*, 308 Conn. 523 (2013)

In **Simms v. Seaman**, 308 Conn. 523, 69 A.3d 880 (2013), the Connecticut Supreme Court addressed the doctrine of absolute immunity, also known as the litigation privilege, which bars claims arising from statements made in the course of judicial proceedings. The court noted that the litigation privilege has been applied to shield participants in judicial proceedings, "including judges, attorneys, parties, and witnesses," from claims for defamation and fraud. *See Simms v. Seaman*, 308 Conn. 523, 531-40 (2013). The court further noted that "there are remedies other than a cause of action for damages that can be imposed" to discourage and sanction attorney misconduct. *Simms v. Seaman*, 308 Conn. 523, 536 (2013).

However, the litigation privilege does not give attorneys carte blanche to engage in misconduct. As the court recognized, attorneys are subject to other remedies, including sanctions, disciplinary proceedings, and disqualification. The privilege does not immunize conduct that occurs outside the scope of judicial proceedings or conduct that is not related to the litigation. *See Simms v. Seaman*, 308 Conn. 523, 545 (2013) (holding that litigation privilege barred claims of fraud, but noting the existence of other remedies).

### B. Application to This Matter: The State Court's Policy of Favoring Counsel

#### 1. The State Court Has Applied a Policy of Favoring Counsel's Unsworn Statements.

The state court has demonstrated a clear policy of favoring counsel's unsworn statements over Petitioner's pro se pleadings. This policy is evident from the state court's treatment of the Complaint, Motion for Judgment of Strict Foreclosure, and Affidavit of Debt as prima facie evidence, despite the fact that these documents are unsworn and not based on personal knowledge. The state court has accepted counsel's unsworn statements as fact, while treating Petitioner's pro se pleadings as legally moot.

#### 2. The State Court Has Applied a Policy of Accepting Counsel's Appearance Without His Client.

The state court has applied a policy of accepting counsel's appearance without his client before the court. The hearing record states only: "Plaintiff's counsel was present. Petitioner was present." No corporate officer, custodian of records, or person with personal knowledge appeared on behalf of AVIATOR PROPERTIES, LLC. The court allowed counsel to proceed without establishing that his client was properly before the court. This is a fundamental jurisdictional defect. "A non-appearing party cannot invoke the jurisdiction of the court." *Castro v. Viera*, 207 Conn. 420, 429 (1988).

**3. The State Court Has Applied a Policy of Accepting Counsel's Unsworn Statements as Evidence.**

The state court has applied a policy of accepting counsel's unsworn statements as prima facie evidence, in violation of established rules of evidence. "The representations of counsel are not evidence." *State v. James*, 211 Conn. 555, 581 (1989). "It is axiomatic that the arguments of counsel are not evidence." *State v. Singh*, 259 Conn. 693, 718 (2002). "Statements of counsel are not evidence." *State v. Thompson*, 305 Conn. 412, 430 n.19 (2012).

**4. The State Court Has Applied a Policy of Treating Pro Se Pleadings as Legally Moot.**

The state court has applied a policy of treating Petitioner's pro se pleadings as legally moot, while accepting counsel's unsworn statements as evidence. Petitioner filed multiple motions, objections, and challenges to the court's jurisdiction. The state court disregarded these pleadings and treated them as legally moot. This disparate treatment constitutes a denial of equal protection and due process.

**5. The State Court Has Applied a Policy of Allowing Ex Parte Communication with Counsel.**

The state court has applied a policy of allowing ex parte communication with Plaintiff's attorney, without giving Petitioner notice or an opportunity to respond. This is a violation of due process and judicial ethics. The state court has acted as a co-conspirator with counsel, rather than as a neutral arbiter of justice.

**6. The Litigation Privilege Does Not Immunize Misconduct.**

While the litigation privilege bars claims arising from statements made in the course of judicial proceedings, it does not immunize misconduct that occurs outside the scope of judicial proceedings or conduct that is not related to the litigation. *Simms v. Seaman*, 308 Conn. 523, 545 (2013). The state court's policy of favoring counsel has allowed misconduct to flourish, including:

- Filing a jurisdictionally void Complaint;
- Submitting a false Affidavit of Debt;
- Failing to appear through a corporate representative;
- Failing to produce the original promissory note;
- Failing to prove standing, jurisdiction, or ownership of the Note.

**7. The Policy of Favoring Counsel Has Deprived Petitioner of Constitutional Secured Rights.**

The state court's policy of favoring counsel has deprived Petitioner of constitutional secured rights, including:

- The right to due process (Fifth and Fourteenth Amendments);
- The right to equal protection (Fourteenth Amendment);
- The right to a fair trial (Fifth and Fourteenth Amendments);
- The right to access the courts (First Amendment);
- The right to proceed pro se (Sui Juris) (28 U.S.C. § 1654; *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997));
- The right to be free from unreasonable seizures (Fourth Amendment).

**8. The Policy of Favoring Counsel Has Created an Institutional Bias Against Pro Se Litigants.**

The state court's policy of favoring counsel has created an institutional bias against pro se litigants. The court has applied different rules to counsel than to pro se litigants. The court has accepted counsel's unsworn statements as evidence, while treating pro se pleadings as legally moot. This institutional bias violates due process and equal protection.

**9. The Policy of Favoring Counsel Is a Violation of the Rules of Professional Conduct.**

The policy of favoring counsel has encouraged violations of the Rules of Professional Conduct, including:

- Rule 3.3 (Candor Toward the Tribunal);
- Rule 3.7 (Advocate-Witness Rule);
- Rule 4.1 (Truthfulness in Statements to Others);
- Rule 8.4 (Misconduct).

## THE DOCTRINE IS UNCONSTITUTIONAL AS APPLIED – POLICY OF FAVORING COUNSEL – *SIMMS v. SEAMAN*

## I. THE LEGAL PRINCIPLE: *SIMMS v. SEAMAN*, 308 CONN. 523 (2013)

In ***Simms v. Seaman***, 308 Conn. 523, 69 A.3d 880 (2013), the Connecticut Supreme Court addressed the doctrine of absolute immunity, also known as the litigation privilege, which bars claims arising from statements made in the course of judicial proceedings. The court held that attorneys enjoy absolute immunity from suits for fraud or intentional infliction of emotional distress based on their conduct during judicial proceedings. *Simms v. Seaman*, 308 Conn. 523, 531-40 (2013).

The court reasoned that the litigation privilege furthers "the public policy of encouraging participation and candor in judicial proceedings." *Gallo v. Barile*, 284 Conn. 459, 466, 935 A.2d 103 (2007) . The court also noted that there are "safeguards in place, other than civil liability, to deter or prevent attorney misconduct or to provide relief from that misconduct," including sanctions, disciplinary proceedings, and disqualification .

**However**, the *Simms* court expressly recognized that its ruling was based on policy considerations, including the concern that abrogating the privilege "could open the floodgates to a wave of litigation in this state's courts challenging an attorney's representation, especially in foreclosure and marital dissolution actions in which emotions run high and there may be a strong motivation on the part of the losing party to file a retaliatory lawsuit." *Simms v. Seaman*, 308 Conn. 523, 568 (2013) .

## II.THE DOCTRINE IS UNCONSTITUTIONAL

## A. The State Court Has Applied a Policy of Favoring Counsel

The state court has demonstrated a clear and systematic **policy of favoring counsel's unsworn statements** over Petitioner's pro se pleadings. This policy is evident from the state court's treatment of the

Complaint, Motion for Judgment of Strict Foreclosure, and Affidavit of Debt as prima facie evidence, despite the fact that these documents are unsworn and not based on personal knowledge.

The state court has applied a policy of:

1. **Accepting counsel's unsworn statements as evidence** – "The representations of counsel are not evidence." *State v. James*, 211 Conn. 555, 581 (1989). "It is axiomatic that the arguments of counsel are not evidence." *State v. Singh*, 259 Conn. 693, 718 (2002) .
2. **Accepting counsel's appearance without his client** – No corporate officer, custodian of records, or person with personal knowledge appeared on behalf of AVIATOR PROPERTIES, LLC.
3. **Treating pro se pleadings as legally moot** – The court disregarded Petitioner's motions and objections while accepting counsel's unsworn statements.
4. **Allowing ex parte communication** – The court permitted communication with counsel without notice to Petitioner.

## B. The *Simms* Litigation Privilege Does Not Immunize Misconduct

The dissent in *Simms* is instructive. Judge Palmer stated:

"I disagree with the majority that absolute immunity is necessary to achieve that end with respect to claims of fraud.... The majority's decision to extend the litigation privilege to attorney fraud is out of step with the large majority of jurisdictions that, upon consideration of the issue, have expressly declined, either judicially or by statute, to broaden common-law immunity to include fraud." *Simms v. Seaman*, 308 Conn. 523, 584 (Palmer, J., dissenting) .

Judge Palmer further stated:

"Fraud is not akin to protecting an attorney from claims, such as defamation, because fraud is significantly more serious. I believe that this view understates the gravity of the harm associated with attorney fraud, an intentional tort that necessarily involves dishonest conduct that is antithetical to our legal system and the vital role of attorneys in that system. In fact, fraudulent misconduct frequently violates the criminal law." *Id.* at n.6.

**Application to This Matter:** The attorneys in this case have engaged in fraudulent misconduct that is "antithetical to our legal system" and "frequently violates the criminal law." They have:

- Filed a jurisdictionally void Complaint;
- Submitted a false Affidavit of Debt signed by a non-employee with no personal knowledge;
- Failed to produce the original promissory note;
- Failed to appear through a corporate representative;
- Engaged in a constructive conversion of Petitioner's identity.

## C. The Policy of Favoring Counsel Has Deprived Petitioner of Constitutional Rights

The state court's policy of favoring counsel has deprived Petitioner of constitutional secured rights, including:

- **Due Process (Fifth and Fourteenth Amendments)** – Denied notice and a meaningful opportunity to be heard;
- **Equal Protection (Fourteenth Amendment)** – Applied different rules to counsel than to pro se litigants;
- **Fair Trial (Fifth and Fourteenth Amendments)** – Allowed ex parte communication and unsworn statements as evidence;
- **Access to the Courts (First Amendment)** – Denied Petitioner the right to be heard in his own person;
- **Right to Proceed Pro Se (Sui Juris)** – Denied through constructive conversion of identity (*Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997)).

## D. The State Court's Actions Are a Denial of Equal Protection

The state court has applied the *Simms* litigation privilege inequitably. The privilege is being used not to protect "participation and candor in judicial proceedings," but to shield fraud and misconduct. The court has allowed counsel to:

- Submit false documents without consequence;
- Proceed without establishing standing;
- Obtain a judgment through fraud.

Meanwhile, Petitioner's pro se pleadings are treated as legally moot. This disparate treatment constitutes a denial of equal protection. "Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government." *Duncan v. Missouri*, 152 U.S. 377, 382 (1894).

## E. The Doctrine Is Unconstitutional as Applied Because the Judgment Is Void

The *Simms* litigation privilege assumes that the underlying judicial proceeding is valid. However, the state court judgment is **void *ab initio*** because:

- The state court lacked subject matter jurisdiction;
- The state court lacked personal jurisdiction;
- The judgment was procured by fraud;
- No corporate representative ever appeared.

"If a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void." *Elliot v. Piersol*, 1 Pet. 328, 340 (1828). The litigation privilege cannot shield conduct that occurred in a proceeding that was void from its inception.

## THE PRO SE (SUI JURIS) RIGHT IS A FUNDAMENTAL CONSTITUTIONALLY SECURED RIGHT AFFORDED THE HIGHEST DEGREE OF PROTECTION

### I. The Legal Principle

13. **"The right to proceed pro se under 28 U.S.C. § 1654 is a fundamental statutory right that is afforded the highest degree of protection. It is a right which is deeply rooted in our constitutional heritage, and although statutory in origin, '[i]ts constitutional aura is underscored by the proposal the very next day of the Sixth Amendment' to the U.S. Constitution."** *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997) (quoting *United States v. Dougherty*, 473 F.2d 1113, 1123 (D.C. Cir. 1972)).
14. **"The right to sue and defend in the courts implicates several constitutional provisions, making it 'one of the highest and most essential privileges of citizenship.'"** *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907).
15. **"Access to the courts implicates due process, equal protection, and First Amendment rights all at once."** *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983) (noting that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances").
16. **"The right of self-representation finds support in the structure of the Sixth Amendment, as well as in the English and colonial jurisprudence from which the Amendment emerged. The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense. It is the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his favor.' Although not stated in the Amendment in so many words, the right to self-representation—to make one's own defense personally—is thus necessarily implied by the structure of the Amendment."** *Faretta v. California*, 422 U.S. 806, 819 (1975).

### II. The Constitutional Provision: Article First, Section 12 of the Connecticut Constitution

17. **Article First, Section 12 of the Constitution of Connecticut (1818)** provides:

**"All courts shall be open, and every person, for an injury done him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."**

This constitutional provision establishes the fundamental right of access to the courts and the right to a remedy for injuries to person, property, or reputation. It secures that all courts shall be open to every person—not just to corporations or artificial entities. It secures that every person shall have a remedy by due course of law. It secures that right and justice shall be administered without sale, denial, or delay.

### III. Application to This Matter

**1. This Constitutional Provision Establishes the Fundamental Right of Access to the Courts and the Right to a Remedy for Injuries to Person, Property, or Reputation.**

Article First, Section 12 of the Connecticut Constitution establishes the fundamental right of access to the courts and the right to a remedy for injuries to person, property, or reputation. This right is not a privilege granted by the state; it is a fundamental right secured to every person by the Constitution.

**2. It Secures That All Courts Shall Be Open to Every Person—Not Just to Attorneys, Corporations or Artificial Entities.**

The Connecticut Constitution secures that "all courts shall be open" to "every person." The state court has violated this constitutional provision by constructively converting Petitioner's identity from "Anthony Azuka Momah" to "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." By treating Petitioner as ENS LEGIS (a creature of the law) rather than one of the people, the state court has denied Petitioner the right to appear in his own person. The court is not "open" to Petitioner as a natural person; it is only open to the legal fiction created by the Defendants.

**3. It Secures That Every Person Shall Have a Remedy by Due Course of Law.**

The Connecticut Constitution secures that "every person, for an injury done him in his person, property or reputation, shall have remedy by due course of law." Petitioner has suffered injury to his person, property, and reputation. The state court has denied Petitioner a remedy by due course of law. The court has denied Petitioner the opportunity to be heard in his own person, denied him the opportunity to present evidence, denied him the opportunity to confront witnesses, denied him a fair trial, and denied him due process of law.

**4. It Secures That Right and Justice Shall Be Administered Without Sale, Denial, or Delay.**

The Connecticut Constitution secures that "right and justice [shall be] administered without sale, denial or delay." The state court has denied Petitioner right and justice. The court has denied Petitioner access to the courts, denied Petitioner a meaningful opportunity to be heard, denied Petitioner the right to present evidence, and denied Petitioner the right to a fair trial.

**5. The Constructive Conversion of Identity Is a Violation of Article First, Section 12.**

The constructive conversion of identity—treating Petitioner as ENS LEGIS rather than as a natural person—is a violation of Article First, Section 12. By constructively converting Petitioner's identity, the state court has:

- Denied Petitioner the right to appear in his own person;
- Denied Petitioner the right to be heard in his own person;
- Denied Petitioner access to the courts;
- Denied Petitioner a remedy for injury to his person, property, and reputation;
- Denied Petitioner right and justice without sale, denial, or delay.

## IV. The Constitutional and Statutory Basis

18. **28 U.S.C. § 1654** – "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." This statutory right is "a fundamental statutory right that is afforded the highest degree of protection." *Devine*, 121 F.3d at 581.
19. **The Sixth Amendment** – The right to self-representation is "necessarily implied by the structure of the Amendment." *Faretta*, 422 U.S. at 819. The right to proceed pro se is "deeply rooted in our constitutional heritage." *Devine*, 121 F.3d at 581.
20. **The First Amendment** – The right of access to the courts is "an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Rests., Inc.*, 461 U.S. at 741.
21. **The Fourteenth Amendment** – "Access to the courts implicates due process, equal protection, and First Amendment rights all at once." *M.L.B. v. S.L.J.*, 519 U.S. 102, 120 (1996).
22. **The Civil Rights Acts of 1866, 1871, and 1877** – These Acts established the right of all persons to "sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981.
23. **Article First, Section 12 of the Connecticut Constitution (1818)** – "All courts shall be open, and every person, for an injury done him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay."
24. **The right to proceed pro se (Sui Juris) is a fundamental statutory right that is afforded the highest degree of protection.** *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997).

This right is further supported by:

- ***Saint Francis College v. Al-Khazraji***, 481 U.S. 604 (1987) – holding that § 1981 protects identifiable classes of persons subjected to intentional discrimination based on ancestry or ethnic characteristics.
- ***Shaare Tefila Congregation v. Cobb***, 481 U.S. 615 (1987) – holding that groups considered distinct races at the time of the Civil Rights Acts are protected, and that a charge of racial discrimination can be made out where plaintiffs were targeted based on their perceived group identity.
- **Civil Rights Act of 1866, 1871, and 1877** – these Acts established the right of all persons to sue, be parties, give evidence, and enjoy the full and equal benefit of all laws and proceedings for the security of persons and property. *See* 42 U.S.C. § 1981: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."
- **28 U.S.C. § 1654** – "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."

## Application to This Matter

25. **Petitioner Is a Pro Se Litigant Who Has Asserted the Right to Proceed Sui Juris.**

Petitioner, Anthony Azuka Momah, is appearing *Pro Se, Sui Juris*. Petitioner has asserted the fundamental right to represent himself in this action. This right is "afforded the highest degree of protection" under *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997). Petitioner has not waived this right.

26. **The State Court Deprived Petitioner of This Fundamental Right.**

The state court has deprived Petitioner of his fundamental right to proceed *Pro Se* and *Sui Juris* by:

- **Constructively converting Petitioner's identity** – The state court and Defendants improperly used "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH" rather than Petitioner's proper name "Anthony Azuka Momah." This constructive conversion of identity was designed to deprive Petitioner of his right to appear.
- **Treating Petitioner as ENS LEGIS** – The state court treated Petitioner as a legal fiction (ENS LEGIS) rather than as one of the people. This is a denial of the right to proceed *Sui Juris.*
- **Favoring counsel's unsworn statements over pro se pleadings** – The state court accepted counsel's unsworn statements as prima facie evidence while treating Petitioner's pro se pleadings as legally moot. This disparate treatment constitutes a denial of the right to proceed *Pro Se.*
- **Denying Petitioner the right to be heard** – The state court denied Petitioner the right to be heard in his own person and on his own behalf. This is a violation of the right to proceed *Pro Se* and *Sui Juris.*

28. **The State Court Has Shown Invidious Discrimination Against Pro Se Litigants.**

Pro se litigants constitute a distinct class for purposes of § 1985(3) when they are subjected to invidious discrimination by the courts. The trial court's treatment of Petitioner as a "class-based subject" reflects a pattern of bias and prejudice against non-lawyer litigants. The court accepted appearance of counsel without his client before the court, accepted unsworn statements from counsel and admitted evidence into the court's record, while demanding the appearance of Petitioner before the court and demanding answer and provide defenses to the Complaint. In this Foreclosure case there is a threat against Anthony Azuka Momah with contempt and default for failure to appear. This disparate treatment constitutes a denial of equal protection and due process.

29. **The Constructive Conversion of Identity Is a Violation of § 1981.**

Under *Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987), § 1981 protects identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. By constructively converting Petitioner's identity from a natural person to ENS LEGIS, the Defendants have engaged in intentional discrimination against Anthony Azuka Momah based on his status as a pro se litigant. Pro se litigants are a distinct class that Congress intended to protect when it passed the Civil Rights Acts of 1866, 1871, and 1877.

30. **The Constructive Conversion of Identity Is a Violation of § 1982.**

Under *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987), groups considered distinct races at the time of the Civil Rights Acts are protected under § 1982. Pro se litigants are entitled to the "same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. By constructively converting Petitioner's identity, the Defendants have interfered with Petitioner's right to hold and convey property.

31. **The Defendants' Actions Are a Violation of § 1985(3).**

Under *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), § 1985(3) "does not require state action but reaches private conspiracies . . . that are aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law." The Defendants have engaged in a conspiracy to deprive Petitioner as Pro Se Litigant of his right to Fair trial. This conspiracy is aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law. Petitioner has alleged a class-based, invidiously discriminatory animus behind the conspirators' action as the trial court records reflect.

32. **The Pro Se Right to Access the Courts Is a Fundamental Right That Cannot Be Denied.**

"The right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." The right to sue and defend in the courts implicates several constitutional provisions, making it one of the highest and most essential Rights of the people. The right to proceed *Pro Se* and *Sui Juris* is a fundamental right that cannot be denied by constructive conversion of identity.

33. **The Constructive Conversion of Identity Is a Violation of Due Process.**

By converting Petitioner's identity from a natural man to ENS LEGIS without petitioner's consent, the Defendants have violated the Fifth and Fourteenth Amendments. Petitioner has been deprived of his identity and his property without due process of law. Petitioner has been denied the right to be heard in his own person and on his own behalf. This is a denial of the fundamental right to a Fair trial.

## VI. Summary of Application

Right Source Violation

Right to Proceed Pro Se (Sui Juris) Devine v. Indian River County School Board, 121 F.3d 576, 581 (11th Cir. 1997); 28 U.S.C. § 1654 Constructive conversion of identity; denial of the right to be heard in one's own person

Protection Under § 1981; Saint Francis College v. Al-Khazraji, 481 U.S. 604 (1987) Intentional discrimination based on status as pro se litigant

Protection Under § 1982; Shaare Tefila Congregation v. Cobb, 481 U.S. 615 (1987) Interference with property rights through constructive conversion of identity

Protection Under § 1985(3) Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Conspiracy to deprive Petitioner of equal rights and privileges

Civil Rights Acts of 1866, 1871, 1877; 42 U.S.C. §§ 1981, 1982, 1983, 1985(3) All persons have the right to sue, be parties, give evidence, and enjoy the full and equal benefit of all laws and proceedings

## THE RULE OF PRECEDENT: THE DISTRICT COURT MUST APPLY THE ANASTASOFF STANDARD

### A. The Legal Principle

34. **Litigants' constitutional rights are violated when court depart from precedent where parties are similarly situated. All litigants have a constitutional right to their claims adjudicated according the rule of precedent.** *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000).

### B. Application to This Matter

35. The District Court must apply the *Anastasoff* standard. This Court must enforce the rule of precedent and address that litigants' constitutional rights are violated when a court departs from precedent where parties are similarly situated.
36. The state Court departed from *Haines*, *Trinsey*, and *Barrett*. The state court departed from:
    - ***Haines v. Kerner*** – By failing to liberally construe Plaintiff's pro se pleadings;
    - ***Trinsey v. Pagliaro*** – By accepting unsworn counsel statements as evidence;
    - ***Barrett v. Virginia*** – By allowing counsel's statements to carry the burden of proof.
37. Petitioner's constitutional rights were violated by this departure from precedent. Petitioner's rights to due process, equal protection, and access to the courts were violated when the state court departed from these established precedents.
38. This Court must enforce the rule of precedent. This Court must apply *Haines*, *Trinsey*, and *Barrett* and ensure that Petitioner's constitutional rights are protected.

## THE RULE OF PRECEDENT: THE DISTRICT COURT MUST APPLY THE TRINSEY STANDARD

### A. The Legal Principle

39. **Statements of counsel in brief or in argument are not sufficient for Motion for summary judgment or motion to dismiss.** *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.
40. **"An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness."** *Trinsey v. Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.
41. **"Mere argument of counsel is not evidence and cannot by itself create a factual issue."** *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964), aff'd, 336 F.2d 437 (3d Cir. 1964).

### B. Application to This Matter

42. The District Court must apply the *Trinsey* standard. This Court must address that statements of counsel in their briefs or in argument are not sufficient for motion to dismiss.
43. The state Court erred by accepting unsworn counsel statements as evidence. The state court accepted:
    - The Complaint signed only by counsel;
    - The Motion for Judgment of Strict Foreclosure signed by counsel;
    - The Affidavit of Debt signed by a non-employee affiant;
    - Counsel's arguments as evidence.
44. Counsel cannot admit evidence into the court. Under *Trinsey*, an attorney for a party cannot admit evidence into the court. He is either an attorney or a witness. If an attorney wishes to establish a fact, he must provide sworn testimony from a witness other than himself, or a stipulation to which his opponent agrees. The attorney cannot serve as both advocate and witness.
45. Mere argument of counsel is not evidence. Under *Trinsey*, mere argument of counsel is not evidence and cannot by itself create a factual issue. The Plaintiff's counsel's arguments are mere argument. They are not evidence. They cannot by themselves create a factual issue regarding standing, jurisdiction, or the validity of the foreclosure judgment.
46. The Court must disregard all unsworn, unverified factual assertions. Under *Trinsey*, the Court must disregard all unsworn, unverified factual assertions in counsel's pleadings and arguments and decide the matter based solely on the pleadings and competent evidence. The Plaintiff's counsel have provided no competent evidence.

## THE RULE OF PRECEDENT: THE DISTRICT COURT MUST APPLY THE BARRETT STANDARD

## A. The Legal Principle

47. **Statements of counsel in their briefs or in argument are not sufficient to carry the burden of proof.** *Barrett v. Virginia*, 689 F.2d 498, 502 (4th Cir. 1982) (collecting Supreme Court authority).

## B. Application to This Matter

48. The District Court must apply the *Barrett* standard. This Court must address that statements of counsel in their briefs or in argument are not sufficient to carry the burden of proof.
49. The Adverse Party failed to carry its burden of proving jurisdiction. "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." *Fink v. Golenbock*, 238 Conn. 183 (1996). The Adverse Party failed to carry this burden.
50. Counsel's unsworn statements cannot satisfy this burden. Counsel's unsworn statements cannot establish standing, ownership of the Note, the amount due, or the chain of title. Counsel's unsworn statements are not evidence. They cannot satisfy the burden of proof.
51. The state Court erred by accepting counsel's unsworn statements as sufficient to carry the burden of proof. The state court allowed the Adverse Party to proceed without establishing standing, without producing the original promissory note, and without producing a corporate representative. This was error.

# THE RULE OF PRECEDENT: ALEXANDER v. BOTHSWORTH – FREE CONSENT REQUIRED FOR CONTRACTS

## A. The Legal Principle

52. In **Alexander v. Bothsworth**, 1915, the court held:
**"Party cannot be bound by contract that he has not made or authorized. Free consent is an indispensable element in making valid contracts."**

## B. Application to This Matter

53. A party cannot be bound by a contract that he has not made or authorized. Petitioner never made or authorized any contract with Aviator Properties, LLC, Real Time Resolutions, Inc., Brock & Scott, PLLC, Superior Court, or any of the Defendants. Petitioner never signed any contract with these entities. Petitioner never authorized any of these entities to act on his behalf.
54. Free consent is an indispensable element in making valid contracts. Petitioner never gave free consent to any contract with the Defendants. Petitioner's consent was never sought, never given, and never authorized. Without free consent, there can be no valid contract.
55. The alleged promissory note is not a valid contract. The alleged promissory note was signed by Petitioner, but it was not a contract with Aviator Properties, LLC. The note was allegedly with America's Wholesale Lender, not with Aviator Properties, LLC. There is no privity of contract between Petitioner and Aviator Properties, LLC.
56. The alleged assignments do not create privity of contract. Even if the assignments are valid—which Petitioner disputes—they do not create privity of contract between Petitioner and Aviator Properties, LLC. A party cannot assign a contract and thereby create privity with a party who never consented to the assignment.
57. Petitioner never consented to the jurisdiction of the state court. Petitioner never freely consented to the jurisdiction of the state court. Petitioner appeared in the state court only to challenge jurisdiction. Petitioner never waived his right to challenge jurisdiction. Free consent to jurisdiction was never given.
58. Petitioner never consented to the entry of judgment. Petitioner never consented to the entry of judgment against him. The judgment was entered without his consent, without his free consent, and without his authorization.
59. The judgment is void because it was entered without free consent. A judgment entered without free consent is void. Just as a party cannot be bound by a contract that he has not made or authorized, a party cannot be bound by a judgment that he has not consented to or authorized. The state court judgment is void *ab initio*.
60. Petitioner does not consent to any contract or agreement with the Defendants. Petitioner expressly does not consent to any contract, agreement, or security arrangement with the Adverse Party or any Third-Party Attorney that allows the Attorney to make pleadings, statements, and arguments to establish a fact for the client in state court or any other court and admit exhibits as evidence in the

court. Petitioner has never entered into any agreement, contract, or security arrangement with Aviator Properties, LLC, Brock & Scott, PLLC, or any attorney associated therewith, authorizing them to represent Petitioner's interests or to bind Petitioner in any way.

## THE RULE OF PRECEDENT: BOYD v. UNITED STATES

### A. The Legal Principle

61. In **Boyd v. United States**, 116 U.S. 616, 635 (1886), the United States Supreme Court held: **"[C]onstitutional provisions for the security of person and property should be liberally construed. A close and literal construction deprives them of half their efficacy, and leads to gradual depreciation of the right, as if it consisted more in sound than in substance. It is the duty of courts to be watchful for the constitutional Secured rights of the citizen, and against any stealthy encroachments thereon."**

*Recognized as abrogated on other grounds in Fisher v. United States*, 425 U.S. 391 (1976).

### B. Application to This Matter

62. Constitutional provisions must be liberally construed. The constitutional provisions for the security of person and property—including the Fifth Amendment's Due Process Clause, the Fourteenth Amendment's Equal Protection and Due Process Clauses, and the Fourth Amendment's Protection Against Unreasonable Seizures—must be liberally construed to protect Petitioner's rights.
63. A close and literal construction deprives constitutional provisions of half their efficacy. The state court's close and literal construction of procedural rules—including Connecticut Practice Book § 10-49 and the foreclosure statutes—has deprived Petitioner of his constitutional secured rights. The state court focused on form over substance, ignoring the fundamental constitutional protections that should have been applied.
64. It is the duty of courts to be watchful for the constitutional secured rights of the people. This Court has a duty to be watchful for Petitioner's constitutional secured rights. The state court failed in this duty. The state court was not watchful for Petitioner's constitutional secured rights; it was watchful for the procedural rights of the non-appearing corporate entity and its attorneys.
65. Courts must guard against stealthy encroachments on constitutional secured rights. The Defendants have engaged in stealthy encroachments on Petitioner's constitutional secured rights. They have:
    - Filed a jurisdictionally void Complaint;
    - Submitted a false Affidavit of Debt;
    - Falsely alleged standing when none exists;
    - Obtained a judgment through fraud;
    - Deprived Petitioner of his property without due process of law.
66. The constitutional provisions for the security of person and property must be applied with substance, not mere sound. The state court's judgment is based on sound—the procedural technicalities of Practice Book § 10-49—not on substance. The substance of the matter is that

Aviator Properties, LLC lacked standing, the Affidavit of Debt was false, and the state court lacked jurisdiction. The substance must prevail over the sound.

67. This Court must be watchful for Petitioner's constitutional secured rights. This Court must apply the *Boyd* principle and protect Petitioner's constitutional secured rights. This Court must ensure that the constitutional provisions for the security of person and property are liberally construed in Petitioner's favor.

## THE INSTITUTIONAL BIAS: SUPERIOR COURT

68. The government, public officers, and attorneys have acted as defendants in this case, not as a neutral arbiter of justice. The Court's actions demonstrate institutional bias against pro se litigants and in favor of the government and its agents.

## A. The Court Acts Without Constitutional Authority

69. The Court has acted without constitutional authority in multiple ways:

**a) The Court lacks authority under Article Fifth.** The Constitution of Connecticut, Article Fifth, establishes the Judicial Department and vests judicial power in the courts. The Court's actions in this case exceed the constitutional authority granted to the judiciary under Article Fifth. The Court has acted as an administrator of a foreclosure system rather than as a neutral arbiter of justice. The Connecticut Constitution requires that "[t]he judicial power of the state shall be vested in a supreme court, an appellate court, a superior court, and such lower courts as the general assembly may, from time to time, ordain and establish." Conn. Const. art. V, § 1. The Court's actions exceed this constitutional grant of authority.

**b) The Court lacks subject matter jurisdiction.** The underlying state court foreclosure proceeding is void *ab initio* for lack of subject matter jurisdiction. The state court never acquired jurisdiction because the Adverse Party lacked standing, no corporate representative appeared, and the Complaint was fatally defective. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) ("A void judgment is one entered without jurisdiction.").

**c) The Court lacks personal jurisdiction.** Without proper service of process and without the Adverse Party or corporate representative appearing to establish standing, the state court lacked personal jurisdiction over the necessary parties. All orders entered without personal jurisdiction are void.

**d) The Court has violated the separation of powers.** By acting in a capacity that exceeds its constitutional authority, the Court has violated the separation of powers. The judiciary is not authorized to act as an arm of the foreclosure industry or to protect the financial interests of the government and its agents at the expense of constitutional rights.

**e) The Court has violated the Due Process Clause.** The Court's actions have deprived Petitioner of his property without due process of law, in violation of the Fifth and Fourteenth Amendments. A court acting without constitutional authority cannot provide due process.

**f) Application to This Matter:** The Superior Court has acted without constitutional authority by proceeding without subject matter jurisdiction, without personal jurisdiction, and without due process. The Court's actions exceed its constitutional authority and are void.

## B. The State Court Has Direct Pecuniary Interest in the Proceedings

70. **Judges, as employees of the State of Connecticut and Members of the State Bar, have a direct pecuniary interest in the continued operation and funding of the state judicial system, including the collection of fines, fees, and other revenues generated through foreclosure proceedings.**

**Application to This Matter:** The judicial officers in this case receive their salaries from the State of Connecticut. The State of Connecticut derives revenue from foreclosure proceedings through filing fees, court costs, and other charges. The judges have a direct pecuniary interest in the continued operation and funding of the state judicial system, including the collection of fines, fees, and other revenues generated through foreclosure proceedings. The State of Connecticut and its courts similarly benefit from this revenue stream, as foreclosure citations add to their budgets and fund their operations. This direct pecuniary interest creates a substantial conflict of interest that disqualifies the judges from presiding over this matter.

## C. Employer-Employee Relationship

72. **Employer-Employee Relationship:** The judge's salary is paid by the State of Connecticut, the very same party that appears before him as the plaintiff/prosecutor in this matter. This employer-employee relationship between the judge and a party to the proceeding falls within the ambit of **Connecticut General Statutes § 51-39**, which disqualifies a judge for interest, including direct pecuniary benefit.

**Application to This Matter:** The judge's salary is paid by the State of Connecticut. The State of Connecticut is a party in this matter. The State of Connecticut appears before the judge as a plaintiff/prosecutor. This employer-employee relationship between the judge and a party to the proceeding falls within the ambit of Connecticut General Statutes § 51-39, which disqualifies a judge for interest, including direct pecuniary benefit. The judge cannot be impartial when his employer is a party before him. The judge's financial dependence on the State of Connecticut creates an inherent bias that disqualifies him from presiding over this matter.

## D. Members of the State Bar Relationship

73. **Members of the State Bar Relationship:** Judges have a relationship with attorneys, who they see in court every day that the court is open for Business, who they swore into office as commissioners of the court and as Members of the State Bar.

**Application to This Matter:** Judges have a relationship with attorneys, who they see in court every Business Day. The judges swore these attorneys into office as commissioners of the court. This relationship creates a close professional and personal bond between judges and attorneys. The judges and

attorneys share a common interest in the continued operation of the Foreclosure system. The judges have a financial and professional interest in maintaining good relationships with the attorneys who appear before them. The attorneys have a financial and professional interest in maintaining good relationships with the judges. This creates a substantial conflict of interest. The judge cannot be impartial when the attorneys who appear before him are his professional colleagues and friends. This institutional bias violates due process and equal protection.

## E. The Court Favored Counsel's Unsworn Statements Over Pro Se Pleadings

74. The state court have favored counsel's unsworn statements from complaints, motions, pleadings, and arguments as prima facie evidence over Petitioner's pro se pleadings. The Complaint in the underlying foreclosure action is verified only by counsel. No corporate representative ever appeared. No sworn testimony was ever presented. Yet the Court accepted counsel's unsworn statements as evidence and treated Petitioner's pro se pleadings as legally moot. This disparate treatment constitutes a denial of equal protection and due process.

**Legal Principle:** "The representations of counsel are not evidence." *State v. James*, 211 Conn. 555, 581 (1989). "It is axiomatic that the arguments of counsel are not evidence." *State v. Singh*, 259 Conn. 693, 718 (2002). "Statements of counsel are not evidence." *State v. Thompson*, 305 Conn. 412, 430 n.19 (2012).

**Application to This Matter:** The state court accepted counsel's unsworn statements as prima facie evidence while treating Petitioner's pro se pleadings as legally moot. This disparate treatment constitutes a denial of equal protection and due process.

## F. The State Court Accepted Counsel's Appearance Without His Client Before the Court

75. The state Court accepted counsel's appearance without his client before the court. The hearing record states only: "Plaintiff's counsel was present. Petitioner was present." No corporate officer, custodian of records, or person with personal knowledge appeared on behalf of AVIATOR PROPERTIES, LLC. The Court allowed counsel to proceed without establishing that his client was properly before the court. This is a fundamental jurisdictional defect.

**Legal Principle:** "A non-appearing party cannot invoke the jurisdiction of the court." *Castro v. Viera*, 207 Conn. 420, 429 (1988).

**Application to This Matter:** The Adverse Party, Aviator Properties, LLC, failed to appear through a corporate representative. Only counsel appeared. The court never acquired jurisdiction. All proceedings are void.

## G. If Petitioner Shows Up to Court, He Will Be in Contempt and Default for Failure to Appear

76. The Court demanded the appearance of Petitioner before the court and demanded answers and defenses to the Complaint. If the Petitioner shows up to court, Petitioner will be held in contempt and default for failure to appear. Meanwhile, the Court did not require the Adverse Party or its corporate representative to appear before the court. This disparate treatment constitutes a denial of equal protection and due process.

**Application to This Matter:** The Court demanded Petitioner's appearance while allowing the Adverse Party to remain absent. The Court threatened Petitioner with contempt and default. Meanwhile, the corporate representative never appeared. This is a denial of equal protection and due process.

## H. The State Court Denied Petitioner's Constitutional Secured Rights to Due Process, Equal Protection, and Fair Trial

77. The State Court's actions have denied Petitioner's constitutional secured rights:

**a) Due Process.** The State Court denied Petitioner due process by dismissing claims without notice or a meaningful opportunity to be heard, making adjudicative factual findings without an evidentiary record, applying Rooker-Feldman without addressing jurisdictional defects, and failing to issue summons and allow service of process.

**Legal Principle:** AVIATOR PROPERTIES, LLC as "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." *Fink v. Golenbock*, 238 Conn. 183 (1996). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found... that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." Conn. Practice Book § 10-33.

**b) Equal Protection.** The State Court violated equal protection by applying different rules to the government and its agents than to private litigants. A private litigant would be served with process, would have an opportunity to respond, and would have a hearing before dismissal. The government and its agents receive sua sponte dismissal without service, without process, and without a hearing.

**Legal Principle:** "Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government." *Duncan v. Missouri*, 152 U.S. 377, 382 (1894).

**c) Fair Trial.** The State Court denied Petitioner's right to a fair trial. The right to a fair trial is a fundamental constitutional secured right secured by the Due Process Clause of the Fifth and Fourteenth Amendments. A fair trial requires an impartial tribunal (Judge), notice of the proceedings, an opportunity to be heard, the right to present evidence, the right to confront witnesses, and the right to a decision based on the evidence presented. The State Court's actions—proceeding without jurisdiction, accepting unsworn counsel statements, allowing ex parte communication, and denying Petitioner's constitutional secured rights—have deprived Petitioner of a fair trial.

**Application to This Matter:** The State Court has denied Petitioner's rights to due process, equal protection, and a fair trial. These constitutional violations require vacatur of all orders entered in this action.

## J. The Court Operated in Fiction Rather Than Fact

78. The Court operated in fiction rather than fact. The Adverse Party or corporate representative never appeared. Only counsel appeared. The Complaint is not evidence. The affidavits are based on information and belief. The orders are robo-signed. The Court's actions are based on fiction, not fact.

**Legal Principle:** "Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible." *Penhallow v. Doane's Administrators*, 3 U.S. 54 (1795).

**Application to This Matter:** The State Court operated in fiction rather than fact. The Adverse Party never appeared. The Complaint is not evidence. The affidavits are false. The orders are robo-signed. The State Court's actions are based on fiction, not fact. All proceedings are void.

## K. Conclusion on Institutional Bias

79. The State Court's actions demonstrate institutional bias against pro se litigants and in favor of the government and its agents. The State Court has acted without constitutional authority and Jurisdiction, favored counsel's unsworn statements over pro se pleadings, accepted counsel's appearance without his client, threatened Petitioner with contempt and default, denied Petitioner's constitutional secured rights, and operated in fiction rather than fact. This institutional bias violates Petitioner's constitutionally secured rights and requires vacatur of all orders entered in this action.

### CONSTRUCTIVE CONVERSION OF IDENTITY

## The Legal Principle

80. The Summons and Foreclosure Action constitute a **fraudulent misrepresentation and improper use of "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH"** rather than the proper name **Anthony Azuka Momah**, constituting a **constructive conversion of identity** without consent to commit fraud in the procurement of jurisdiction and falsifying legal documents.

## Application to This Matter

81. The Defendants have improperly used "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH" rather than the proper name "Anthony Azuka Momah." The Complaint, Summons, and all subsequent pleadings filed by the Defendants have referred to Petitioner using an improper name. This is not a mere typographical error—it is a deliberate and fraudulent misrepresentation designed to convert Petitioner's identity from a natural person to a legal fiction.
82. "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH" is not Petitioner's proper name. Petitioner's proper name is **Anthony Azuka Momah**. The name "MOMAH, ANTHONY, AKA ANTHONY A.

MOMAH" is a construction of the Defendants—a legal fiction created for the purpose of obtaining jurisdiction over a person who does not exist.

83. The improper use of the name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH" constitutes a constructive conversion of identity without consent. The Defendants have converted Petitioner's identity from a natural person to a legal fiction without Petitioner's knowledge, consent, or authorization. This conversion was done without due process of law.
84. The constructive conversion of identity was committed to procure jurisdiction. The Defendants used the false name to obtain jurisdiction over the state court. The court believed it was exercising jurisdiction over "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH," but there is no such person. The proper person is Anthony Azuka Momah. The Defendants knew or should have known that the name used was improper.
85. The constructive conversion of identity constitutes fraud in the procurement of jurisdiction. The Defendants submitted false legal documents with the improper name to deceive the court into exercising jurisdiction. "A judgment obtained by fraud is void." *Connecticut Lighting & Power Co. v. Dept. of Public Utility Control*, 219 Conn. 51, 60 (1991). The court's jurisdiction was procured by fraud. The judgment is void.
86. The constructive conversion of identity constitutes falsifying legal documents. All legal documents filed by the Defendants—the Complaint, the Summons, the Motion for Judgment of Foreclosure by Sale, the Affidavit of Debt, and the Judgment of Foreclosure by Sale—contain the false name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." These documents are falsified because they do not identify the proper person.
87. Petitioner has never consented to the use of the name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." Petitioner has never consented to the constructive conversion of identity. Petitioner has never authorized anyone to use this false name on his behalf. Petitioner has never waived his right to be identified by his proper name.
88. Petitioner's proper name is Anthony Azuka Momah. Petitioner is a natural person, a living soul. Petitioner is not "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." This false name is a legal fiction. It is ENS LEGIS—a creature of the law. Petitioner is not ENS LEGIS. Petitioner is not a creature of the law.
89. The constructive conversion of identity violates the Fourth Amendment. By using a false name to seize Petitioner's identity and property, the Defendants have engaged in an unreasonable seizure. The Fourth Amendment protects against unreasonable seizures. The constructive conversion of identity is an unreasonable seizure. *See* U.S. Const. amend. IV.
90. The constructive conversion of identity violates the Fifth Amendment. By converting Petitioner's identity without due process, the Defendants have deprived Petitioner of his identity and property without due process of law. The Fifth Amendment protects against deprivation of life, liberty, or property without due process of law. *See* U.S. Const. amend. V.
91. The constructive conversion of identity violates the Privacy Act of 1974, 5 U.S.C. § 552a. The Privacy Act prohibits the maintenance of records concerning individuals without accuracy and fairness. 5 U.S.C. § 552a(e)(5) requires agencies to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." The Defendants have maintained false records regarding Petitioner's identity. They have used these false records to deprive Petitioner of his property. *See* 5 U.S.C. § 552a(g)(1)(C), (D).
92. The constructive conversion of identity violates Connecticut common law and statutory protections against identity fraud and misrepresentation. Connecticut recognizes fraudulent misrepresentation

when: (1) a false representation is made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to his detriment. *Dorsey v. Mancuso*, 23 Conn. App. 629, 633, 583 A.2d 646 (1990). The Defendants have made a false representation—the use of the false name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." The Defendants knew this name was untrue. The Defendants used this false name to induce the court to act. Petitioner has been injured by this fraudulent misrepresentation.

93. The constructive conversion of identity violates the principles of *United States v. Craft*, 535 U.S. 274 (2002). In *United States v. Craft*, 535 U.S. 274, 290 (2002), the Supreme Court addressed the nature of property rights and the limits of federal power. The Court held that property rights are defined by state law. The Defendants have attempted to violate Petitioner's property rights by improperly converting his identity from a natural person to a legal fiction. This is a violation of the principles of *Craft*—a denial of Petitioner's rightful property interests.
94. The right to proceed pro se (Sui Juris) is a fundamental statutory right that is afforded the highest degree of protection. *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997). Petitioner has asserted this right. The Defendants have attempted to deny Petitioner this right by constructing a false identity and converting Petitioner's identity.
95. The constructive conversion of identity violates the rule that the imaginary cannot attain parity with the tangible. *Penhallow v. Doane's Administrators*, 3 U.S. 54 (1795). Aviator Properties, LLC, an imaginary entity, is foreclosed from creating and attaining parity with Petitioner, a tangible, living being. The conversion of Petitioner to a legal fiction is an attempt to create parity between the imaginary and the tangible. This is legally impossible. The proceedings are void.
96. Petitioner is not bound by the proceedings. Petitioner is a natural person, a living soul. Petitioner is not "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." Petitioner is not bound by the proceedings that were conducted against the false identity. The proceedings are void.
97. The judgment is void because it was entered against the false identity, not against Petitioner. The state court judgment is against "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH"—a person who does not exist. The judgment cannot bind Petitioner, a natural person. The judgment is void *ab initio*.
98. The Defendants' actions are knowing and intentional. The Defendants are attorneys and judicial officers. They know the difference between a proper name and an improper name. They used the improper name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH" to create a constructive conversion of identity. This was done knowingly, intentionally, and with the intent to defraud Petitioner and the court.
99. Petitioner does not consent to the constructive conversion of identity. Petitioner expressly does not consent to the use of the name "MOMAH, ANTHONY, AKA ANTHONY A. MOMAH." Petitioner does not consent to the conversion of his identity from a natural person to a legal fiction. Petitioner does not consent to the proceedings conducted against the false identity.

## B. The Legal Principle: Fraudulent Misrepresentation and Improper Use of ENS LEGIS Status

100. **"The right to proceed pro se (Sui Juris) is a fundamental statutory right that is afforded the highest degree of protection."** *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997).

**Application to This Matter: Constructive Conversion of Identity**

101. The Summons and Foreclosure Action constitute a fraudulent misrepresentation and improper use of ENS LEGIS status rather than the Political status proper natural man as Pro Se and Sui Juris, constituting a constructive conversion of identity without due process.

102. ENS LEGIS is a creature of the law—a legal fiction. The Defendants have improperly used ENS LEGIS status to create a false identity for Petitioner. ENS LEGIS is an artificial legal status, not a natural person. It is a "body of the law" or a "legal entity." It is a Subject. It is a franchise of the government as an "individual entity." It cannot be a natural person.

103. Petitioner is a natural man, a living soul—not ENS LEGIS. Petitioner is not ENS LEGIS. Petitioner is not a creature of the law. Petitioner derives his existence from nature, not from the law. He is a living, breathing, and sensible being. He has unalienable rights that predate the state.

104. The Summons and Foreclosure Action improperly converted Petitioner's identity from a natural man to ENS LEGIS. The Defendants have created a false identity for Petitioner, converting him from a natural man to a legal fiction. This is a constructive conversion of identity—a taking of Petitioner's identity without due process.

105. This constructive conversion of identity constitutes fraudulent misrepresentation. The Defendants have falsely represented Petitioner as ENS LEGIS. They have used this false identity to deprive Petitioner of his property. They have misrepresented the nature of the proceeding and Petitioner's status in the proceeding.

106. Petitioner has the right to appear Pro Se and Sui Juris. The right to proceed pro se (Sui Juris) is a fundamental statutory right that is afforded the highest degree of protection. *Devine v. Indian River County School Board*, 121 F.3d 576, 581 (11th Cir. 1997). Petitioner has asserted this right. The Defendants have attempted to deny Petitioner this right by constructing a false identity.

107. The constructive conversion of identity violates the Fourth Amendment. The Defendants have seized Petitioner's identity and property without probable cause. The Fourth Amendment protects against unreasonable seizures. The constructive conversion of identity is an unreasonable seizure. *See* U.S. Const. amend. IV.

108. The constructive conversion of identity violates the Fifth Amendment. The Defendants have deprived Petitioner of his identity and property without due process of law. The Fifth Amendment protects against deprivation of life, liberty, or property without due process of law. The constructive conversion of identity is a deprivation without due process. *See* U.S. Const. amend. V.

109. The constructive conversion of identity violates the Privacy Act of 1974, 5 U.S.C. § 552a. The Privacy Act prohibits the maintenance of records concerning individuals without accuracy and fairness. The Defendants have maintained false records regarding Petitioner's identity. They have used these false records to deprive Petitioner of his property. *See* 5 U.S.C. § 552a(g)(1)(C), (D).

110. The constructive conversion of identity violates Connecticut common law and statutory protections against identity fraud and misrepresentation. The Defendants have committed identity fraud and misrepresentation under Connecticut common law. Connecticut law recognizes fraudulent misrepresentation when: (1) a false representation is made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to his detriment. *Dorsey v. Mancuso*, 23 Conn. App. 629, 633, 583 A.2d 646 (1990), appeal denied, 217 Conn. 809 (1991).

111. The constructive conversion of identity violates the principles of *United States v. Craft*, 535 U.S. 274 (2002). In *United States v. Craft*, 535 U.S. 274, 290 (2002), the Supreme Court addressed the nature of property rights and the limits of federal power. The Court held that

property rights are defined by state law. The Defendants have attempted to violate Petitioner's property rights by improperly converting his identity from natural person to ENS LEGIS. This is a violation of the principles of *Craft*—a denial of Petitioner's rightful property interests.

112. The constructive conversion of identity violates the rule that the imaginary cannot attain parity with the tangible. *Penhallow v. Doane's Administrators*, 3 U.S. 54 (1795). Aviator Properties, LLC, an imaginary entity, is foreclosed from creating and attaining parity with Petitioner, a tangible, living being. The conversion of Petitioner to ENS LEGIS is an attempt to create parity between the imaginary and the tangible. This is legally impossible. The proceedings are void.

113. Petitioner is not ENS LEGIS and is not bound by the proceedings. Petitioner is a natural person, a living soul. Petitioner is not ENS LEGIS. Petitioner is not bound by the proceedings that were conducted against ENS LEGIS. The proceedings are void.

**1. Connecticut General Statutes § 53a-129a – Identity Theft**

Section 53a-129a(a) defines identity theft as the knowing use of another person's personal identifying information to obtain or attempt to obtain money, goods, services, or other thing of value without the other person's consent. "Personal identifying information" includes any name and number used to identify a specific individual. The use of an incorrect name in legal proceedings that misrepresents Defendant's identity constitutes a violation of this statute, particularly where such use is intended to obtain a judgment for money.

Connecticut courts have recognized that a plaintiff may bring a claim under § 53a-129a where a defendant uses the plaintiff's name and identifying information without authorization. Here, the Plaintiff has used a name that is not Defendant's true legal name, misrepresenting his identity in a legal proceeding. Under § 52-571h, a prevailing plaintiff in an identity theft action is entitled to "the greater of one thousand dollars or treble damages, together with costs and a reasonable attorney's fee". This demonstrates the seriousness with which Connecticut law treats identity misrepresentation.

**2. Connecticut General Statutes § 53a-155 – Tampering with or Fabricating Physical Evidence**

The filing of a court document that misrepresents Defendant's identity constitutes the fabrication of evidence in a legal proceeding. Section 53a-155 prohibits the alteration, destruction, or fabrication of evidence with the intent to impair its verity or availability in an official proceeding.

**3. Connecticut General Statutes § 53a-157a,b – False Statement in Connection with Legal Documents**

The use of an incorrect name in a sworn court document constitutes a false statement in connection with legal proceedings. Section 53a-157a prohibits making a false statement

under oath, and § 53a-157b prohibits the filing of false documents with the intent to mislead a public official.

**4. United States Constitution, Amendments IV and V**

The Fourth Amendment protects against unreasonable seizures of property. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." The use of an incorrect name to obtain a judgment against Defendant deprives him of property without due process and compels him to defend against a misidentified proceeding.

**5. Privacy Act of 1974, 5 U.S.C. § 552a**

The Privacy Act prohibits the maintenance and use of records that are not accurate, relevant, timely, or complete. The misrepresentation of Defendant's name in court records constitutes a violation of this federal statute.

**6. Connecticut Common Law and Statutory Protections Against Identity Fraud and Misrepresentation**

Connecticut common law recognizes that "[a]n action of conversion is a suit for damages by the owner of a chattel or by one entitled to the immediate possession of the chattel, against one who has wrongfully appropriated the chattel . . . in derogation of the rights of the rightful owner or possessor". While intangible property interests have not traditionally been subject to conversion except where evidenced in a document, the use of Defendant's identity in legal documents constitutes an appropriation of a property interest.

**7. United States v. Craft, 535 U.S. 274 (2002)**

The Supreme Court in *Craft* articulated the concept of property as a "bundle of sticks" — a collection of individual rights which, in certain combinations, constitute property. This metaphor recognizes that property rights include a range of interests, including the right to one's own identity and name. The Court held that "a number of the sticks in [the taxpayer's] bundle were presently existing" and constituted property interests for federal purposes. By extension, Defendant's identity and name are property interests that cannot be appropriated without consent.

The misrepresentation of Defendant's name in the pleading is not merely a technical error. It constitutes a fundamental defect in the proceeding that:

- Deprives Defendant of due process;

- Misleads the Court as to the true identity of the party;
- Constitutes fraud upon the Court;
- Violates Connecticut's identity theft statutes; and
- Prejudices Defendant's ability to defend himself.

## PARITY BETWEEN NATURAL MAN AND ARTIFICIAL PERSONS

### A. The Rule of Precedent

113. **"Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them."** *S.C.R. 1795, Penhallow v. Doane's Administrators*, 3 U.S. 54; 1 L.Ed. 57; 3 Dall. 54 (1795).

### B. Application to This Matter

114. Every government is an artificial person, an abstraction, and a creature of the mind only. The State of Connecticut and its Superior Court are artificial persons. They are abstractions. They are creatures of the mind only. They have no natural existence. They cannot interface with natural persons.

115. A government can interface only with other artificial persons. The State of Connecticut and its Superior Court can only concern themselves with other artificial persons—corporations, legal fictions, and paper entities. They cannot interface with Petitioner, a living, breathing, sentient being.

116. The imaginary is foreclosed from creating and attaining parity with the tangible. The state court, an imaginary entity, is foreclosed from creating and attaining parity with Petitioner, a tangible, living being. The court cannot demand parity between a natural man and an artificial person. The court cannot demand that Petitioner appear while allowing the Adverse Party to remain absent.

117. No government can concern itself with anything other than corporate, artificial persons and the contracts between them. The state court cannot concern itself with Petitioner, a natural person. The state court can only concern itself with corporate, artificial persons and the contracts between them. The state court cannot adjudicate the rights of a natural person against a non-appearing corporate fiction.

### C. Application to This Matter

118. **The Aviator Properties, LLC, an imaginary entity, is foreclosed from creating and attaining parity with Petitioner, a tangible, living being.**

119. Aviator Properties, LLC is an imaginary entity. Aviator Properties, LLC is a corporation. It is a legal fiction. It exists only on paper. It has no natural existence. It has no soul. It has no unalienable rights. It is a creature of the law, deriving its existence entirely from the law. It is ENS LEGIS—a creature of the law.

120. Petitioner is a tangible, living being. Petitioner is a natural man, a living soul. Petitioner is not ENS LEGIS. Petitioner is not a creature of the law. Petitioner derives his existence from nature, not from the law. Petitioner has unalienable rights that predate the state.

121. The imaginary is foreclosed from creating and attaining parity with the tangible. The imaginary has neither actuality nor substance. It is foreclosed from creating and attaining parity with the tangible. Aviator Properties, LLC, an imaginary entity, cannot attain parity with Petitioner, a tangible, living being.

122. The state court cannot concern itself with anything other than corporate, artificial persons. The state court cannot concern itself with Petitioner, a natural man. The state court can only concern itself with corporate, artificial persons and the contracts between them. By attempting to adjudicate the rights of a natural man against a non-appearing corporate fiction, the state court exceeded its jurisdiction.

123. The Court cannot demand parity between a natural man and an artificial person. The Court cannot demand that Petitioner appear while allowing the Adverse Party to remain absent. The Court cannot demand that Petitioner accept service of process while the Adverse Party remains a fiction. The Court cannot demand that Petitioner litigate against a non-appearing corporation while the corporation never produces an injured party before the court. This is a denial of due process and equal protection.

124. The Adverse Party must appear before the Court. As a creature of the law, the Adverse Party must appear before the court to establish:

- Standing;
- Ownership of the Note;
- The amount due and owing;
- The chain of title;
- The authority to enforce the Note.

The Adverse Party cannot do this through counsel alone. The corporate representative must appear. *New Haven Water Co. v. Reeves*, 7 Conn. App. 543, 545 (1986). The Adverse Party has failed to appear. All proceedings are void.

## COMPETENT FIRST-HAND WITNESS REQUIREMENT

## A. The Legal Principle

125. This applies both with Federal Rules of Evidence and State Rules of Evidence. There must be a competent first-hand witness (a body). There has to be a real person with an INJURY making the complaint and bringing evidence before the court. Corporations are paper and can't testify.

126. Claimants' affidavits are presented under "Special Visitation" with Affiant willing to testify as Competent Fact Witness.

127. *See* 15 Viner's Ab. Tit. Lease, (N.) Pl. 1, Page 55 U.S. 80, 82, acts of 1771 and 1804; *Grignon's Lessee v. Astor*, 2 Howard, 319; *Sims v. Irvine*, 3 Dallas, 425; *Patton v. Easton*, 1 Wheaton, 476; *Strother v. Lucas*, 12 Peters, 410. In this latter case, at page 454.

## B. Application to This Matter

128. There must be a competent first-hand witness (a body). The state court proceedings lacked any competent first-hand witness with personal knowledge of the facts. No corporate representative of Aviator Properties, LLC ever appeared before the court. No person with personal knowledge of the origination of the Note, the Mortgage, or the assignments ever testified. The only "witnesses" were counsel's unsworn statements.

129. There has to be a real person with an INJURY making the complaint. The Adverse Party, Aviator Properties, LLC, is a corporation—a paper entity. It cannot suffer injury. It cannot make a complaint. It cannot bring evidence before the court. Only a real person with an injury can do so. Petitioner is a real person with an injury—Trespass against his constitutional secured rights. The Adverse Party is a paper entity with no injury.

130. Corporations are paper and can't make a complaint and testify. Aviator Properties, LLC is a corporation. It is a paper entity. It cannot make a complaint and testify to statements therein. It cannot bring evidence before the court. It cannot establish standing. Only a corporate representative with personal knowledge can testify. No such representative ever appeared.

131. Claimants' affidavits are presented under "Special Visitation." Petitioner appears before this Court under "Special Visitation"—a special appearance without waiving any rights, defenses, statutory or procedural rights. Petitioner is willing to testify as a Competent Fact Witness.

132. The Affiant is willing to testify as Competent Fact Witness. Petitioner, Anthony Azuka Momah, is a natural person, a living soul. Petitioner has firsthand knowledge of the facts and is willing to testify as a Competent Fact Witness. Petitioner has an injury—the Trespass against his constitutional secured rights. Petitioner is the real party in interest.

133. The Adverse Party has no competent witness. The Adverse Party has presented no competent witness. David Rosas is not an employee of Aviator Properties, LLC. He has no personal knowledge of any facts. His Affidavit of Debt is false. The attorneys have no personal knowledge. They are advocates, not witnesses.

134. The state Court's failure to require a competent first-hand witness. Under the Federal Rules of Evidence and State Rules of Evidence, the state Court must require a competent first-hand witness with personal knowledge. The Adverse Party has failed to produce such a witness. The judgment is void.

## GOVERNMENT IMMUNITY IS REPUGNANT TO THE CONSTITUTION

135. **"Men are endowed by their Creator with certain unalienable rights,—'life, liberty, and the pursuit of happiness;' and to 'secure,' not grant or create, these rights, governments are instituted. That property [or income] which a man has honestly acquired he retains full control of . . ."** *Budd v. People of State of New York*, 143 U.S. 517 (1892).

**Application to This Matter:** Plaintiff is endowed by his Creator with certain unalienable rights—life, freedom, and the pursuit of happiness. Governments are instituted to secure, not grant or create, these

rights. Plaintiff has acquired property—his home at 222 Sargeant Street, Hartford, Connecticut—honestly, and he retains full control of it. The government, through its judicial officers and its corporate representative, has deprived Plaintiff of his property without due process of law. The government cannot grant or create rights; it can only secure them. The government has failed to secure Plaintiff's rights. The government has violated Plaintiff's rights. The government is not above the law.

## OFFICIALS AND EVEN JUDGES HAVE NO IMMUNITY

136. **"Officials and even judges have no immunity."** *Owen v. City of Independence*, 100 S. Ct. 1398; *Maine v. Thiboutot*, 100 S. Ct. 2502; and *Hafer v. Melo*, 502 U.S. 21. Officials and judges are deemed to know the law and sworn to uphold the law. Officials and judges cannot claim to act in good faith in willful deprivation of law; they certainly cannot plead ignorance of the law. Even the common man cannot plead ignorance of the law. The courts have ruled there is no such thing as ignorance of the law; it is ludicrous for learned officials and judges to plead ignorance of the law. Therefore, there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution for the United States of America. *See* 42 U.S.C. § 1983.

**Application to This Matter:** The judicial officers and commissioners of the court in this case are deemed to know the law. They have sworn to uphold the law. They cannot claim to act in good faith in willful deprivation of law. They cannot plead ignorance of the law. There is no such thing as ignorance of the law. It is ludicrous for learned officials and judges to plead ignorance of the law. Therefore, there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution. The judicial officers in this case have violated Plaintiff's constitutional secured rights. They cannot claim immunity.

## IF A COURT IS WITHOUT AUTHORITY, ITS JUDGMENTS ARE NULLITIES

137. **"If a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void, and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification and all persons concerned in executing such judgments or sentences are considered, in law, as trespassers."** *Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828).

**Application to This Matter:** The state court was without authority. Its judgments and orders are nullities. They are not voidable, but simply void. They form no bar to a recovery sought. They constitute no justification. All persons concerned in executing such judgments are considered, in law, as trespassers. The judicial officers and their co-conspirators who executed the void judgments and orders are trespassers. They cannot claim immunity.

## THE THEORY OF A GOVERNMENT OUTSIDE SUPREME LAW

138. **"It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution."** *Downs v. Bidwell*, 182 U.S. 244 (1901).

**Application to This Matter:** It will be an evil day for American Liberty if the theory of a government outside supreme law finds lodgement in our constitutional jurisprudence. No higher duty rests upon this Court than to exert its full authority to prevent all violations of the principles of the Constitution. The government has acted outside supreme law. The government has violated the principles of the Constitution. This Court must exert its full authority to prevent these violations. The judgment must be vacated.

## DUE PROCESS AND EQUAL PROTECTION REQUIRE LAWS TO OPERATE ON ALL ALIKE

139. **"Due process of law and the equal protection of the laws are secured if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government."** *Duncan v. Missouri*, 152 U.S. 377, 382 (1894).

**Application to This Matter:** The laws have not operated on Plaintiff as they would operate on any other litigant. A represented litigant would not face a sua sponte dismissal based on factual findings about a state court proceeding without notice, an opportunity to be heard, an evidentiary record, or adversarial briefing. Plaintiff has been subjected to an arbitrary exercise of the powers of government. The laws have not operated on Plaintiff alike with other litigants. Other civil rights plaintiffs are permitted to have summons issued, serve process on defendants, conduct discovery, and respond to motions before facing dismissal. Plaintiff has been singled out for arbitrary treatment based on his pro se status and the nature of his claims. This violates the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment.

## NO MAN IS ABOVE THE LAW

140. **"No man [or woman] in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it."** *Butz v. Economou*, 438 U.S. 478, 506 (1978); *United States v. Lee*, 106 U.S. 196, 220 (1882).

**Application to This Matter:** No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government from the highest to the lowest are creatures of the law, and are bound to obey it. The judicial officers and commissioners of the court in this case have set the law at defiance. They have acted without jurisdiction. They have violated Plaintiff's constitutional secured rights. They are creatures of the law and are bound to obey it. They cannot claim immunity. They must be held accountable.

## THE DOCTRINE IS UNCONSTITUTIONAL AS APPLIED BECAUSE THE STATE COURT JUDGMENT IS VOID

### A. The Void Judgment Exception

141. As the Fifth Circuit has squarely held, **"Rooker-Feldman does not preclude review of void state court judgments."** *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 385 (5th Cir. 2017). The doctrine applies only to judgments that are merely voidable, not void. A judgment is void when the court rendering it had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.

**Application to This Matter:** The underlying state court foreclosure judgment is void *ab initio* because:

**A. The state court had no jurisdiction of the parties.** The Adverse Party, Aviator Properties, LLC, never appeared through a corporate representative. No officer, no custodian of records, and no person with personal knowledge of the facts alleged ever appeared before the court. Only counsel appeared. A corporation can only appear through a corporate representative with personal knowledge of the facts. Because the corporate representative never appeared, the court never acquired jurisdiction over the Adverse Party. The state court had no jurisdiction of the parties.

**B. The state court had no jurisdiction of the subject matter.** The Plaintiff, Aviator Properties, LLC, lacked standing to foreclose. The Complaint failed to attach the original promissory note. The original promissory note was never produced at the commencement of the action. The Defendant failed to establish that it was the holder of the note at the commencement of the action. Without standing, the state court lacked subject matter jurisdiction. *U.S. Bank National Ass'n v. Schaefer*, 160 Conn. App. 110, 122 (2015).

**C. The state court had no jurisdiction to enter the particular judgment.** The state court entered a Judgment of Foreclosure by Sale without subject matter jurisdiction, without personal jurisdiction, and without competent evidence. The judgment was procured by fraud, including the submission of a false Affidavit of Debt signed by David Rosas, a non-employee of Plaintiff with no personal knowledge. A judgment procured by fraud is void. *Connecticut Lighting & Power Co. v. Dept. of Public Utility Control*, 219 Conn. 51, 60 (1991).

**D. The state court had no capacity to act.** The state court acted outside its jurisdiction. "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in methods of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." *Wuest v. Wuest*, 127 P.2d 934, 937. The state court departed from recognized requirements of law, depriving Plaintiff of his constitutional secured rights. This is an excess of jurisdiction. The state court had no capacity to act.

## B. The Judgment Is Void Ab Initio

142. **"If a court is without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void."** *Elliot v. Piersol*, 1 Pet. 328, 340 (1828). A judgment rendered without jurisdiction is a nullity and may be challenged at any time. *Argent Mortgage Co., LLC v. Huertas*, 288 Conn. 568, 576 (2008). Because the state court lacked subject matter jurisdiction, personal jurisdiction, and acted without capacity, the judgment is void *ab initio*.

**Application to This Matter:** The state court judgment is void *ab initio*. It is not merely voidable; it is void. It forms no bar to a recovery sought. It constitutes no justification. All persons concerned in executing such judgments are considered, in law, as trespassers. The judgment must be vacated.

# DUTY OF OFFICIALS TO PERFORM OFFICIAL ACTS CONSTITUTIONALLY

## A. The Legal Principle

143. In **Montgomery v. State**, 55 Fla. 97, 45 So. 879 (1908), the Florida Supreme Court held: **"It is the duty of all officials whether legislative, judicial, executive, administrative, or ministerial to so perform every official act as not to violate constitutional provisions."**

## B. Application to This Matter

144. It is the duty of all officials to perform every official act constitutionally. The judicial officers in this case—Hon. Claudia Baio, Hon. Neeta Vatti, and Hon. Susan Cobb—had a duty to perform every official act so as not to violate constitutional provisions. They failed in this duty.

145. The judicial officers violated this duty by:

- **Proceeding without subject matter jurisdiction** – The judicial officers entered judgment without standing, without the original promissory note, and without a corporate representative appearing before the court.
- **Failing to require proof of standing** – The judicial officers allowed Aviator Properties, LLC to proceed without establishing standing, ownership of the Note, or the amount due.
- **Accepting unsworn counsel statements as evidence** – The judicial officers accepted counsel's unsworn statements as prima facie evidence, in violation of the rules of evidence and due process.
- **Denying Petitioner's constitutional secured rights** – The judicial officers denied Petitioner's rights to due process, equal protection, and property without due process of law.
- **Allowing ex parte communication** – The judicial officers allowed ex parte communication with Plaintiff's attorney without giving Petitioner notice or an opportunity to respond.

146. The attorney defendants violated this duty by:

- **Filing a jurisdictionally void Complaint** – The attorneys filed a Complaint without standing, without the original promissory note, and without a corporate representative.
- **Submitting a false Affidavit of Debt** – The attorneys submitted a false Affidavit of Debt signed by David Rosas, a non-employee with no personal knowledge.
- **Maintaining a false and unlawful cause of action** – The attorneys knowingly maintained a false and unlawful cause of action.
- **Obstructing justice** – The attorneys obstructed justice by filing false documents and abusing the judicial process.

147. The administrative and ministerial officials violated this duty by:

- **Clerk Monica Sadowski** – Failed to ensure that jurisdiction was properly established before accepting filings and entering judgments.
- **State Marshal John T. Fiorillo** – Executed void judgments and orders without jurisdiction.

148. All officials are bound by the Constitution. No official—whether legislative, judicial, executive, administrative, or ministerial—is above the Constitution. All officials must perform every official act in accordance with constitutional provisions. The Defendants failed to do so.

## COUNTS OF CONSTITUTIONAL VIOLATIONS

## COUNT I: VIOLATION OF OATH OF OFFICE

149. The Judicial officers and Commissioners of the court as Defendants, having taken an Oath to support and defend the United States Constitution, did wilfully and knowingly violate said oath in an open court of Law by failing to timely move to protect and defend the United States Constitution, that being a felony of perjury of their Oaths of Office.

**Application to This Matter:** The judicial officers—Hon. Claudia Baio, Hon. Neeta Vatti, and Hon. Susan Cobb—and the attorney defendants—George P. Generas, Dominick D. Neveux, Esq., Diane S. Summers, Victoria Forcella, Esq., and Jeffrey M. Knickerbocker, Esq.—took an oath to support and defend the United States Constitution. They violated said oath by:

- Proceeding without subject matter jurisdiction;
- Accepting unsworn counsel statements as evidence;
- Denying Petitioner's constitutional secured rights;
- Failing to uphold the Constitution.
- **CONGRESS DECLARES BIBLE "THE WORD OF GOD" – Public Law 97-280, 96 Stat 1211 (Oct. 4, 1982) & Executive Order 6100 of Sept. 22, 1990.**

**Application to This Matter:** The oath of office is a solemn oath, taken before God. The Defendants violated their solemn oath. They are guilty of perjury of their Oaths of Office before God.

## COUNT II: GIVING AID AND COMFORT TO SUBVERSIVE ACTS

150. The Judicial officers and Commissioners of the court as Defendants, owing allegiance to the United States and the United States Constitution, did wilfully and knowingly give aid and comfort to those et al defendants whose acts are subversive to the United States and as such are destroying our children, our homes, our churches, our schools, our business, our contracts, our money system, and our Government. Said acts defined in the United States Constitution Article III section 3, is punishable under USC Title 18 sections 3, 4, 2381, 2382, 2383, 2384.

**Application to This Matter:** The Judicial officers and Commissioners of the court as Defendants gave aid and comfort to Aviator Properties, LLC, Real Time Resolutions, Inc., and Brock & Scott, PLLC—entities whose acts are subversive to the United States. They assisted in the unlawful seizure of Petitioner's property, destroying his trust in the Judicial system, constitutional secured rights and his family's stability. They obstructed justice and denied due process.

## COUNT III: CONSPIRACY AGAINST RIGHTS – 18 U.S.C. § 241

151. The Judicial officers and Commissioners of the court as Defendants, having taken an oath to support and defend the United States and the United States Constitution, did wilfully and knowingly violate said oath in an open court of Law by violating the constitutional secured rights of

one of the people by not upholding his/her constitutional secured duty and obligation which is a felony. TITLE 18 § 241. Conspiracy against rights.

**Application to This Matter:** The Defendants conspired to deprive Petitioner of his constitutional secured rights, including:

- The right to due process (Fifth and Fourteenth Amendments);
- The right to equal protection (Fourteenth Amendment);
- The right to property (Fifth and Fourteenth Amendments);
- The right to petition the government (First Amendment);
- The right to be free from unreasonable seizures (Fourth Amendment).

## COUNT IV: FRAUDULENT OATH AND FALSE CLAIMS

152. The Judicial officers and Commissioners of the court as Defendants, for having taken a fraudulent oath as 'fiduciary trustees' of a political subdivision of the state in an assumed position as a private 'person' not having immunity or privilege within the intent of the original Article I. Section 8, 10, Article 3, Article 4, Article 6 And The Bill of Rights Section 4, standing, did wilfully and knowingly violate the constitutional secured rights of those Citizen electors or appointed, from public offices elected and appointed. TITLE 31 SEC. 3729. FALSE CLAIMS (a) Liability for certain acts.--Any person who— scheme."

**Application to This Matter:** The Judicial officers and attorneys as Defendants took fraudulent oaths as 'fiduciary trustees' of the state. They are private 'persons' not having immunity or privilege. They violated the constitutional secured rights of Petitioner. They submitted false claims to the court, including:

- The false Complaint;
- The false Affidavit of Debt;
- The false Motion for Judgment of Strict Foreclosure.

## COUNT V: OBSTRUCTION OF JUSTICE

153. The Judicial officers and Commissioners of the court as Defendants, having taken an oath to support and defend the United States and the United States Constitution, and the Law of the United States and of this State did wilfully and knowingly violate said oath by means of Obstruction of Justice of the Law by violating the constitutional secured rights of one of the people by not upholding his constitutional secured rights which is a felony under ANTI-CORRUPTION ACT NO. 6494.

**Application to This Matter:** The Defendants obstructed justice by:

- Filing false documents with the court;
- Maintaining a jurisdictionally void action;
- Abusing the judicial process;
- Denying Petitioner's constitutional secured rights;
- Proceeding without subject matter jurisdiction.

## COUNT VI: PEONAGE AND DENIAL OF EQUAL PROTECTION

154. The Judicial officers and Commissioners of the court as Defendants, or any other Clerk of Court or any other who hold a public office of trust having taken an oath to support and defend the United States Constitution, and the laws of the United States and of this State and violate or overrule Congressional Enactment or any Judicial Procedure Manual created by Congress or any Higher Courts decisions to denial equal protection under 42 USC 1981 the 14th amendment with intent to deny fairness and court integrity by violation of 18 USC 1581 Peonage; obstructing enforcement or means of Obstruction of Justice of the Law and making New Rule of Precedent from that position by violating 28 USC 454 & 455 and The Sovereign authority of the Constitution by not upholding his/her constitutional secured duty and obligation which is a felony are guilty of.

**Application to This Matter:** The Defendants violated 18 U.S.C. § 1581 (Peonage) by attempting to seize Petitioner's property and labor without jurisdiction, without standing, and without due process. They violated 28 U.S.C. § 454 & 455 by failing to recuse themselves when their impartiality might reasonably be questioned. They violated 42 U.S.C. § 1981 by denying Petitioner equal protection under the law. They made New Rule of Precedent from their positions by applying unconstitutional statutes and rules.

## SECTION 1985(3), HOBBS ACT, AND RICO VIOLATIONS

## A. Section 1985(3) Conspiracy

155. **Rule of Precedent:** *Devine v. Indian River County School Board*, 11th Cir. 1997; *Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987); and *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615 (1987). Section 1985(3) under Title 42 reaches both conspiracies under color of law and conspiracies effectuated through purely private conduct. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Supreme Court held that "§ 1985(3) does not require state action but reaches private conspiracies . . . that are aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law." *Id.*

**Application to This Matter:** Petitioner has alleged a class-based, invidiously discriminatory animus behind the conspirators' action as the trial court records reflect. That actionable cause is the treatment of a non-lawyer pro se litigant as a distinct "class-based subject" of the trial Court, wherein denial of equal protection of the laws and denial of due process was clearly the product of bias and prejudice of the Court. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Pro se litigants constitute a distinct class for purposes of § 1985(3) when they are subjected to invidious discrimination by the courts. The trial court's treatment of Petitioner as a "class-based subject" reflects a pattern of bias and prejudice against non-lawyer litigants.

## B. Hobbs Act – 18 U.S.C. § 1951

156. **Rule of Precedent:** The Hobbs Act prohibits public officials from using their official positions to obtain property from individuals through extortion. "Under color of official right" means that the public official uses the power and authority of his or her office to obtain property, even if no force or threat of force is used. *United States v. Enmons*, 410 U.S. 396 (1973); *United States v. Staszcuk*, 517 F.2d 53 (7th Cir. 1975). A defendant may be convicted of conspiring to violate the Hobbs Act based on proof that the defendants reached an agreement with the owner of the

property in question to obtain that property under color of official right. *Ocasio v. United States*, 578 U.S. 282, 136 S. Ct. 1423 (2016).

**Application to This Matter:** The Defendants and other state actors have acted "under color of official right." They have used the power and authority of their offices to obtain Petitioner's property—his home and his right to a fair trial. They have done so without jurisdiction, without standing, without competent evidence, and without due process of law.

## C. RICO Act – 18 U.S.C. §§ 1961-1968

157. **Rule of Precedent:** The Racketeer Influenced and Corrupt Organizations Act (RICO) prohibits a pattern of racketeering activity. The Hobbs Act is a predicate act under RICO. 18 U.S.C. § 1961(1). To state a claim under § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Chey v. LaBruno*, 608 F. Supp. 3d 161, 184 (D.N.J. 2022) (citing *P.R.L. v. Imrex Co.*, 473 U.S. 479, 482-83 (1985)).

**Application to This Matter:** The Defendants and other state actors have engaged in a pattern of racketeering activity. They have violated the Hobbs Act. They have used their official positions to obtain Petitioner's property through extortion. They have done so repeatedly, in a pattern of racketeering activity. Petitioner has been injured by the racketeering activity and seeks treble damages under RICO. 18 U.S.C. § 1964(c). Municipal entities can be part of an unlawful purpose association-in-fact enterprise so long as those entities share in the same common criminal purpose. *United States v. Cianci*, 378 F.3d 71, 83-84 (1st Cir. 2004).

## D. The Enterprise – A Pattern of Racketeering Activity

158. **Application to This Matter:** The Defendants have formed an association-in-fact enterprise for the purpose of obtaining Petitioner's property through extortion, fraud, and conspiracy. The enterprise consists of:

- **The Judicial Officers:** Hon. Claudia Baio, Hon. Neeta Vatti, and Hon. Susan Cobb, who acted under color of law to deprive Petitioner of his property;
- **The Attorneys:** George P. Generas, Dominick D. Neveux, Esq., Diane S. Summers, Victoria Forcella, Esq., and Jeffrey M. Knickerbocker, Esq., who filed false documents and maintained a jurisdictionally void action;
- **The Corporate Entities:** Aviator Properties, LLC, Real Time Resolutions, Inc., and Brock & Scott, PLLC, who sought to obtain Petitioner's property through fraudulent means;
- **The State of Connecticut:** Which operates the Superior Court system and receives revenue from foreclosure proceedings.

## E. Pattern of Racketeering Activity

159. **Application to This Matter:** The Defendants have engaged in a pattern of racketeering activity, including:

- **Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343):** The Defendants used mail and wire communications to execute a scheme to defraud Petitioner;

- **Extortion (18 U.S.C. § 1951):** The Defendants used their official positions to obtain Petitioner's property under color of official right;
- **Obstruction of Justice (18 U.S.C. §§ 1501-1518):** The Defendants obstructed the administration of justice by filing false documents and maintaining a jurisdictionally void action;
- **Fraud (18 U.S.C. § 1001):** The Defendants made false statements in court documents;
- **Forgery (18 U.S.C. §§ 470-514):** The Defendants filed a false Affidavit of Debt and a forged promissory note;
- **Conspiracy (18 U.S.C. § 371):** The Defendants conspired to defraud Petitioner of his property;
- **Bank Fraud (18 U.S.C. § 1344):** The Defendants obtained property through fraudulent means;
- **Money Laundering (18 U.S.C. § 1956):** The Defendants conducted financial transactions involving the proceeds of specified unlawful activity.

## F. Causation and Injury

160. **Application to This Matter:** Petitioner has been injured in his business and property by the racketeering activity. Petitioner has:

- Stop the Lost his property—his home at 220-222 Sargeant Street, Hartford, Connecticut;
- Incurred legal expenses and costs;
- Suffered damage to his credit and reputation;
- Suffered emotional distress and mental anguish;
- Lost income and earning capacity.

## G. Treble Damages and Relief

161. **Application to This Matter:** Pursuant to 18 U.S.C. § 1964(c), Petitioner seeks treble damages and reasonable attorney's fees. The Defendants' pattern of racketeering activity has caused substantial injury to Petitioner, and he is entitled to treble damages to compensate for his losses and to deter future racketeering activity.

## DEMAND FOR REBUTTAL

162. This Affidavit and the accompanying Complaint constitute a declaration. Defendants have **THIRTY (30) DAYS** to rebut each point by sworn affidavit under penalty of perjury. Any points not rebutted shall be accepted as true. Failure to rebut shall constitute tacit acquiescence to the truth of all allegations. *Morris v. National Cash Register*, 44 S.W.2d 433 (Tex. Comm'n App. 1931); *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981), *cert. denied*, 50 U.S.L.W. 2169 (S. Ct. Mar. 22, 1982).

## VERIFICATION

I, Anthony Azuka Momah, appearing as *Pro Se*, *Sui Juris*, and as *Private Attorney General*, being duly sworn according to law, hereby verify that the facts stated in the foregoing Affidavit are true and correct to the best of my knowledge, information, and belief.

I further verify that David Rosas is not, and has never been, an employee of Aviator Properties, LLC, and that Mr. Rosas lacks personal knowledge of any facts material to this action.

See exhibits A -G Attached

I have the right to update or to correct any errors or mistake in this case
I RESERVE THE RIGHT TO FILE IN THE NATURE OF A WRIT OF ERROR.

**RESTORE MY NAME TO GOOD STANDING By Law.**

See all Motions, Exhibits and Affidavits filed in this case.

Anthony Azuka Momah
With Prejudice UCC 1-308
C/o MAILING 222 SARGEANT ST.
HARTFORD, CT 06105

AFFIDAVIT

**CERTIFICATE OF SERVICE**

Certification Pursuant to Sec. 62-7
A copy of the foregoing was mailed, this 04-Day Month of August 2026 to I did mail by regular first-class mail, postage prepaid the above document, MOTION TO OPEN AND VACATE THE JUDGMENT to the following party:

**AVIATOR PROPERTIES, LLC**
**Plaintiff**

Attorney
Jeffrey M. Knickerbocker, Esq.
Brock and Scott, PLLC
Its Attorneys
270 Farmington Ave, Ste 151
Farmington, CT 06032
Phone 844-856-6646
Juris No.: 439942

Signed – Anthony Azuka Momah
Without Prejudice UCC 1-308
C/o MAILING 222 SARGEANT ST.
HARTFORD, CT 06105
Telephone Number
860- [redacted]

STATE: CONNECTICUT
COUNTY: HARTFORD

Anthony Azuka Momah

Using a Notary on this document does not create an adhesion contract with the State, nor does it alter my status in any manner, but is used only for identification purposes and not for entrance into any foreign jurisdiction. Certification And Attestation: Verification pursuant to Const. Conn. Gen. Stat. §§ 1-25, 54-33c, 47-12a, 45a-251 29, United States Code, Title 1746 See Dickerson vs. Wainwrizht, 626 F.2d Title 1184, comply with Conn. Gen. Stat. § 1-276. Notarization and Acknowledgment in accordance with Rule 11 Signing legal documents, and Other Papers, Subscribed and I Hereby Certify That the Facts Recited Herein Are True and Correct under penalty perjury on the 06 day of October, 2026

Astrid Taveras-Inoa
Notary/~~Justice of Peace Public Print~~

Notary/~~Justice of Peace Public Signature~~

ASTRID P. TAVERAS-INOA
NOTARY PUBLIC
My Commission Expires Oct. 31, 2026

: 10/31/2026 (DATE) ( SEAL)
MY COMMISSION EXPIRES